IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MICHELLE GOLDEN,              )
                              )
          Plaintiff,          )
                              )
     v.                       )        1:12CV875
                              )
FIRSTPOINT COLLECTION         )
SERVICE,                      )
                              )
          Defendant.          )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Motion for Entry of Default Judgment (Docket Entry 12) and Defendant's Motion to Dismiss (Docket Entry 13). (See Docket Entry dated Jan. 16, 2013.) For the reasons that follow, the Court should decline to enter a default judgment against Defendant and, instead, should dismiss Plaintiff's Complaint for failure to state a claim.

BACKGROUND

This case began August 14, 2012, when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq[.]" (Docket Entry 2 at 1; see also

id. at 3-4 (setting forth two causes of action under FCRA).) It also purports to assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and various state-law claims. (See id. at 5-9.) The only material, non-conclusory factual allegation in the Complaint regarding Defendant appears as follows: "Plaintiff found after examination of his [sic] Equifax Trans Union and Experian consumer credit report that Defendant had obtained Plaintiffs [sic] Equifax Trans Union and Experian consumer credit report in January 2011." (Id. at 2.)

The Court (per United States Magistrate Judge Joi E. Peake) granted the IFP Application and ordered service of process. (Docket Entry 4.) The Clerk subsequently docketed a Process Receipt and Return form submitted by the United States Marshals Service reflecting that it served Defendant on August 21, 2012. (Docket Entry 7.) On September 4, 2012, Defendant timely moved[1] for an extension of time to answer or otherwise to respond (Docket Entry 9), which the Court (per the undersigned Magistrate Judge) granted, thereby extending until October 11, 2012, the deadline for Defendant to make a responsive filing (Text Order dated Sept. 10, 2012). On October 10, 2012, Plaintiff (or someone using Plaintiff's name) filed her instant Motion for Entry of Default

---

[1] Defendant originally had 21 days from August 21, 2012, to respond to the Complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i).

Judgment.  (Docket Entry 12.)  That same day, Defendant filed its instant Motion to Dismiss.  (Docket Entry 13.)[2]

The Clerk promptly mailed Plaintiff a letter explaining that she had "the right to file a 20-page response in opposition to [D]efendant's [M]otion [to Dismiss]." (Docket Entry 15 at 1.)  The letter advises Plaintiff of the amount of time for a response and specifically cautions her that a "failure to respond . . . within the allowed time may cause the [C]ourt to conclude that [D]efendant's contentions are undisputed and/or that [Plaintiff] no longer wish[es] to pursue the matter."  (Id.)  It further warns that, "unless [Plaintiff] files a response in opposition to [D]efendant's [M]otion [to Dismiss], it is likely [her] case will be dismissed . . . ."  (Id.)  Plaintiff did not respond.  (See Docket Entries dated Oct. 10, 2012, to present.)

Upon further review, the undersigned Magistrate Judge noticed that the signatures on Plaintiff's IFP Application, Complaint, and instant Motion for Entry of Default Judgment differed and that the third of those filings in particular featured a mere printed version of Plaintiff's name in the signature block (rather than a traditional signature).  (See Docket Entry 1 at 3; Docket Entry 2

---

[2] On October 23, 2012, Defendant timely responded to Plaintiff's instant Motion for Entry of Default Judgment (Docket Entry 16) and Plaintiff did not reply (see Docket Entries dated Oct. 23, 2012, to present).  Because Defendant responded to Plaintiff's Complaint by filing its instant Motion to Dismiss within the time allowed by the Court, the Court should deny Plaintiff's instant Motion for Entry of Default Judgment.

at 9; Docket Entry 12 at 2.) Indeed, aspects of these "signatures" (again, particularly on the instant Motion for Entry of Default Judgment) matched the printed version of Plaintiff's name on the envelope used to convey that filing to the Clerk. (Compare Docket Entry 1 at 3, Docket Entry 2 at 9, and Docket Entry 12 at 2, with Docket Entry 12-2 at 1.) The undersigned Magistrate Judge also determined that printing and "signatures" on these materials all bear significant, distinctive similarities to printing and/or "signatures" on many other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1-3, Docket Entry 2 at 9, Docket Entry 12 at 2, and Docket Entry 12-2 at 1, with Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; and James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Moreover, a review of the complaints in those cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2; Ferguson, No. 1:12CV493, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Durham, No. 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[3]

Given the foregoing circumstances, the undersigned Magistrate Judge set this case for a hearing on Plaintiff's instant Motion for

---

[3] Another similar lawsuit also shared such characteristics, except that it did not contain the sections after "COUNT III." (See Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5.) Yet another lawsuit (not listed above) matches the cases cited here except that its original complaint appears to have a traditional signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2; but see id., Docket Entry 12 at 5 (setting out printed name in signature box for amended complaint).) Finally, Plaintiff (or someone using Plaintiff's name) also filed two additional cases with similar features. (See Golden v. Absolute Collection Servs., No. 1:12CV956; Golden v. NCO Fin. Sys., No. 1:12CV1097.)

Entry of Default Judgment and Defendant's instant Motion to Dismiss, on the same calendar with other similar cases. (See Docket Entry 17.) Plaintiff did not appear as directed. (See Docket Entry dated Nov. 26, 2012.) Moreover, only one of the plaintiffs from the other similar cases noticed for proceedings that day appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to do so), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[4]

## DISCUSSION

"[P]ursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Defendant has] move[d] this Court for [an] [o]rder dismissing Plaintiff's claims . . . [for] fail[ure] to state a claim for which relief can be granted . . . ." (Docket Entry 13 at 1.) Under this Court's Local Rules, Plaintiff's failure to respond to Defendant's instant Motion to Dismiss generally warrants the granting of the relief requested. See M.D.N.C. R. 7.3(k). No reason exists to depart from that general rule here. To the contrary, a review of the record and relevant authority confirms that the Court should dismiss this case.

---

[4] The Clerk maintains an audio-recording of all the proceedings from that calendar.

Under Rule 12(b)(6), Plaintiff's Complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[5]

In this case, the Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 3.) The Complaint lacks any indication that

---

[5] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report. (See id. at 1-9.) Moreover, Plaintiff's IFP Application acknowledges several service accounts (see Docket Entry 1 at 3), as to which collection or other activity could occur so as to give rise to permissible grounds to obtain her credit report, see 15 U.S.C. § 1681b (a)(3)(A), (C), (E), and (F).[6] Further, the Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages. (See Docket Entry 2 at 3.) In two separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.). The same result should occur here.

The other causes of action in the Complaint suffer from even greater deficiencies. For example, although Plaintiff purports to assert a claim for violation of the FDCPA (see Docket Entry 2 at 5-6), the lone non-conclusory factual allegation in the Complaint,

---

[6] Had Plaintiff appeared at the scheduled hearing, the undersigned Magistrate Judge would have inquired as to whether she possessed any additional factual information that would support an inference that Defendant lacked a permissible purpose in obtaining Plaintiff's credit report, such that the Court should allow her an opportunity to amend her Complaint. By failing to appear as directed, Plaintiff has waived any right to such consideration.

-8-

i.e., that Defendant obtained Plaintiff's credit report (see id. at 2), does not even relate to, much less sufficiently support, a finding that Defendant violated any of the cited FDCPA provisions (such as "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 5)).[7]

CONCLUSION

Defendant timely responded to Plaintiff's Complaint and said Complaint (which appears to represent part of a pattern of sham litigation) fails to state a claim.

---

[7] Similarly, for reasons well-explained by Defendant (see Docket Entry 14 at 12-18), the allegation that Defendant obtained Plaintiff's credit report cannot sustain her purported state-law claims (Docket Entry 2 at 6-9). Indeed, those claims appear to focus on unspecified reporting of information about Plaintiff (see id.), but the Complaint contains no factual allegations of such conduct by Defendant (see id. at 1-9). Plaintiff's failure to appear as directed at the hearing (at which time the Court could have determined if she had factual information that would warrant an opportunity to amend) supports proceeding directly to dismissal of the FDCPA and state-law claims.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Docket Entry 12) be denied and that Defendant's Motion to Dismiss (Docket Entry 13) be granted.

                                         /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                 **United States Magistrate Judge**

August 23, 2013